**Colonel Roland F. CINCIARELLI, U. S. M. C. R., Plaintiff,**

v.

**Honorable Jimmy CARTER et al., Defendants.**

Civ. A. No. 80–801.

United States District Court, District of Columbia.

May 22, 1980.

303

Joseph J. Petrillo, William S. Hemsley, Jr., Washington, D. C., for plaintiff.

John Oliver Birch, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

This matter is before the Court on cross-motions for summary judgment and plaintiff's application for a preliminary injunction. All issues have been fully briefed and argued. Col. Cinciarelli,[a] a Reserve officer in the Marine Corps, is currently serving on active duty. He served earlier as a Reserve officer on active duty, pursuant to a Standard Written Agreement ("SWAG") with the United States, covering the period from July 1, 1978, to June 20, 1979. See 10 U.S.C. §§ 679–680 (1976). Shortly before the term of his SWAG was to expire, Col. Cinciarelli was advised that his active duty status would be terminated after June 20, and that coincident with this termination his promotion to Brigadier General would take effect, as approved by the President and the Senate in May, 1979. Col. Cinciarelli contends, however, that in November, 1978, he had entered into a successor SWAG to the Agreement expiring June 20, 1979, thereby assuring himself continuing active duty as a Reserve officer from June 21, 1979, for five years.

Although his promotion has been delayed during negotiations concerning his future as an active duty officer, Cinciarelli is now before the Court seeking declaratory and injunctive relief. He contends that his promotion to Brigadier General should take effect and that he is entitled to continue to serve on active duty as a Brigadier General until the expiration of the second SWAG. He argues further that his projected removal from active duty status constitutes unlawful discrimination based on his position as a Reserve officer. See 10 U.S.C. § 277 (1976).

Many factual representations have been made by the parties in a series of detailed conflicting affidavits. There is one central issue which can be resolved as a matter of law at this stage. That is to determine whether or not Col. Cinciarelli's SWAG, entered into in November, 1978, is to be given full force and effect. Defendants contend that the SWAG should not be honored for two reasons. It is urged that the Agreement was entered into contrary to standing Marine Corps orders which were not waived by the appropriate officers. It also is contended that the Agreement lacks validity because the Commandant of the Marine Corps withdrew it prior to commencement of its term, accompanied by an express notice of withdrawal to Col. Cinciarelli. In view of the conflict in the affidavits it is impossible to determine whether or not the order, Marine Corps Order 1001.52 (July 11, 1975), which prohibits granting SWAGs to officers in the grade of Colonel, was waived. However, the Court concludes that the withdrawal of the Agreement prior to the commencement of its term should be honored.

This matter is one of first impression as far as the diligent efforts of counsel have been able to ascertain. The evidence shows withdrawal of the SWAG through a series of telephonic communications in late May and early June of 1979. Withdrawal was confirmed in writing prior to June 20, 1979, that is, on June 11, 1979. See Exhibit C, Affidavit of Col. Roland F. Cinciarelli, March 31, 1980. The granting of SWAGs to Marine Corps Reserve officers is pursuant to statute, 10 U.S.C. §§ 679–680 (1976). Congress granted Reserve officers rights to a hearing prior to release from active duty "during the period of the agreement." 10 U.S.C. § 680(a) (1976). The Court holds as a matter of law that consistent with the statutory scheme, no rights accrued to Col. Cinciarelli under the SWAG prior to June 21, 1979, the beginning of its term. Accordingly, the withdrawal is lawful and will be sustained.

■ Col. Cinciarelli makes a further argument that he is being discriminated against in his status as a Reserve officer. This contention lacks merit. Absent a valid SWAG, Col. Cinciarelli is serving pursuant to extended active duty orders. No legally protected entitlement attaches to his position. *See Knehans v. Alexander*, 566 F.2d 312, 314 (D.C.Cir.1977), *cert. denied*, 435 U.S. 995, 98 S.Ct. 1646, 56 L.Ed.2d 83 (1978); *Sims v. Fox*, 505 F.2d 857, 862 (5th Cir. 1974), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 678 (1975). The Marine Corps has a statutory right to terminate such active duty orders of a Reserve officer at any time. 10 U.S.C. § 681(a) (1976). *See Abruzzo v. United States*, 513 F.2d 608, 611 (Ct.Cl.1975). The number of billets available for officers of general rank is limited by law. A determination by the Marine Commandant to fill the few available billets with more qualified officers will not be interfered with. The record here indicates that plaintiff has less active duty experience and less professional military education than available regular officers of the same rank eligible for assignment.

The record discloses that Col. Cinciarelli is a highly effective officer who merited the very special determination by the President and the Congress that he should be promoted to the rank of Brigadier General. His qualifications for this promotion are not in dispute nor does this determination mean that he will not be given further opportunity to serve his country on active duty, depending on the needs of the Corps.

For the reasons set forth above, defendants' motion for summary judgment is granted, plaintiff's motion for summary judgment and application for preliminary injunction are each denied, and the case is dismissed. The defendants' motion for a protective order is therefore moot.