**Colonel Roland F. CINCIARELLI,
Plaintiff,**

**v.**

**The Honorable Ronald REAGAN, et al., Defendants.**

**Civ. A. No. 80–801.**

United States District Court,
District of Columbia.

Jan. 12, 1983.

Joseph J. Petrillo, William S. Hemsley, Jr., Frank A.S. Campbell, Washington, D.C., for plaintiff.

John Oliver Birch, Asst. U.S. Atty., Washington, D.C., for defendants.

MEMORANDUM

GESELL, District Judge.

The Court has before it plaintiff's application for attorneys' fees and costs which is opposed by defendants. A variety of issues have been raised and fully briefed by both sides.

The nature of the proceedings is sufficiently presented in reported decisions, *Cinciarelli v. Carter,* 490 F.Supp. 302 (1980), *remanded* 662 F.2d 73 (D.C.Cir.1981). Following the remand, the matter was settled and plaintiff received a substantial cash award. This fee application followed because the settlement left open the question of plaintiff's entitlement to attorneys' fees and related issues.

testimonial to the axiom that irony is no stranger to the law.

■ Plaintiff applies under the Equal Access to Justice Act, 28 U.S.C. § 2412, which authorizes an award of attorneys' fees in this type of litigation to a prevailing party under certain circumstances. The Act provides in pertinent part that the Court shall award fees and other expenses to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Plaintiff qualifies as a prevailing party. The Act also provides that a court has discretion to award reasonable fees and expenses against the United States "to the same extent that any other party would be liable under the common law." 28 U.S.C. § 2412(b). Under the American common law, attorneys' fees may be awarded against a losing party who acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. Industrial Chamber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974).

Plaintiff seeks attorneys' fees under both these provisions. Although the merits of this case were never resolved by a court, resolution of the issue of attorneys' fees has resulted in extensive further discovery initiated by plaintiff in an effort to support his claim that the government's position was not "substantially justified" or that the litigation was pursued by the defendants in "bad faith."

■ As to whether defendants' position was substantially justified, it is significant that plaintiff's entire claim was initially rejected in the District Court after full briefing on legal grounds. When the United States Court of Appeals reversed and remanded, it commented that the District Court's interpretation, which accepted the defendants' position as to the effect of the Standard Written Agreement (SWAG), gave insufficient weight to the underlying legislative history of the pertinent statute but "is not facially unreasonable or inconsistent with the statutory language." 662 F.2d at 77. Plaintiff makes no claim that government counsel in any way misled the District Court. Under these circumstances,

it is clear and the Court so finds that the position of the United States was substantially justified.

As to bad faith, this issue as ultimately defined by plaintiff is both limited and amorphous. Plaintiff concedes that government counsel responsible for the litigation did not act in bad faith. *Cinciarelli v. Carter,* No. 80–801 (D.D.C. Order filed July 15, 1982). Following all discovery of the Marine Corps officers involved, plaintiff further concedes that the officers "were not acting with personal animus concerning plaintiff as an individual." Plaintiff's Supplemental Memorandum, filed Nov. 22, 1982, at 20.

Thus the bad faith issue is narrowed. As plaintiff suggests, the Court must determine whether or not the facts fit within the bad faith standard stated by Judge Bryant of this Court in *Fitzgerald v. Hampton,* 545 F.Supp. 53, 57 (D.D.C.1982):

Prelitigation conduct provides the basis for an award of attorney's fees when a party, confronted with a clear statutory or judicially-imposed duty towards another, is so recalcitrant in performing that duty that the injured party is forced to undertake otherwise unnecessary litigation to vindicate plain legal rights.

It is unnecessary to review in any detail the elaborate course of events presented by depositions and thoroughly summarized in the briefs. It is sufficient to dispose of the issue that the cancellation of plaintiff's SWAG prior to its effective date was reasonably believed by defendants to be within their authority. General Wilson, after consulting the Judge Advocate of the Navy, cancelled plaintiff's SWAG because he believed it had been issued contrary to standing orders not knowingly and intentionally waived. Such action does not constitute refusal to perform a clear statutory duty nor was the subsequent defense of this action undertaken to force plaintiff into unnecessary litigation. Difficult and uncertain legal issues were at stake. The Marine officers involved approached the problem cautiously, conscious of the difficulties their actions had created for plaintiff, an out-

standing officer. They attempted to resolve what they reasonably perceived as legitimate needs of the Service in a manner which would minimize plaintiff's difficulties. This in the absence of personal animus does not rise to bad faith nor in any event would it constitute grounds for the Court to use its discretion and apply the bad faith exception under the American rule.

Plaintiff has failed to show by a preponderance of the evidence that defendants acted in bad faith and since the position taken by defendants was "substantially justified" plaintiff's application for attorneys' fees under 28 U.S.C. § 2412 is denied.